ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| IRINA VLADIMIROVNA LOGOUTINE, ) | |
| A No. 97203791, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 3:06-CV-1645-P |
| ) | ECF |
| ANGELA BARROWS, Director ICE, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

Parties: At the time of filing this action, Petitioner was incarcerated at the Rolling Plains Detention Center in Haskell, Texas. Her whereabouts are presently unknown. Respondent is the Director of ICE. The Court did not issue process in this case.

Statement of Case: On September 7, 2006, Petitioner filed this habeas corpus action challenging her detention pending removal pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). On September 12, 2006, the Court issued a Notice of Deficiency and Order advising her that the $5.00 filing fee had not been paid and that a motion for leave to proceed in forma pauperis, along

with a certified statement of her inmate trust account, had not been submitted. By letter dated September 20, 2006, Petitioner advised that she was unable to comply with the deficiency order. In response, the Magistrate Judge issued a letter on September 27, 2006, requesting additional information. See Attachment I. On October 4, 2006, the letter was returned to the Court with the following notation: "No longer at Rolling Plains Regional Detention Center."

The Court has verified with a responsible government official that Petitioner was transferred to Oklahoma City, Oklahoma, and then released. Her whereabouts are presently unknown.

Findings and Conclusions: Petitioner's release requires the court to examine whether it has jurisdiction over the instant action. See Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. Lane v. Williams, 455 U.S. 624, 631 (1982). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir.1988).

The only relief sought in this matter was release from custody pending removal. Since

Petitioner was released from custody, her only ground for relief is now moot and this Court lacks jurisdiction to consider the petition.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED for want of jurisdiction the same being moot.

A copy of this recommendation shall be mailed to Petitioner's last known address.

Signed this 17th day of October, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.



ATTACHMENT I

4

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF TEXAS

UNITED STATES COURTHOUSE
1100 COMMERCE STREET, ROOM 1407
DALLAS, TEXAS 75242

WM. F. SANDERSON JR.
U. S. MAGISTRATE JUDGE

September 27, 2006

PHONE: (214) 753-2385
FAX: (214) 753-2390

Irina Vladimirovna Logoutine 97203791
118 County Road 206
Haskell, TX 79521

Re: Logoutine v. Barrows, 3-06-CV-1645-P

Dear Ms. Logoutine:

We have received your letter dated September 20, 2006, in which you explain your inability to comply with our order filed on September 12, 2006. It is quite unusual for responsible officials to refuse a confined person's request for a six-month trust account schedule when the individual is seeking to proceed <u>in forma pauperis</u>.

Before deciding whether this statutory requirement should be applied or waived in your case we require that you provide the following information:

The name of each official or employee at the Rolling Plains Detention Center to whom you made a request for a six-month statement and the response which you were given by that individual and whether the official or employee <u>refused</u> your request for assistance in obtaining a copy of the trust account statement.

Of course, in the event that you pay the $5.00 filing fee, please note that our order of September 12, 2006, will be satisfied.

You should also be aware that based upon the information which you give that we will look further into the matter directly with Ms. Angela Barrows as to whether the staff at the Rolling Plains Detention Center are impeding or refusing to assist persons there confined to comply with N.O.D. orders of this court.

Very truly yours,

Wm. F. Sanderson, Jr.

ATTACHMENT I